UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICKEAL R.,<br><br>               Plaintiff,<br><br>   v.<br><br>ANDREW M. SAUL, Commissioner<br>of Social Security,<br><br>               Defendant. | NO. 1:20-CV-3006-TOR<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 12, 13). Plaintiff is represented by D. James Tree. Defendant is represented by Benjamin J. Groebner. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion and denies Defendant's motion.

//

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work

activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial

gainful activity," the Commissioner must find that the claimant is not disabled. 20

C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis

proceeds to step two. At this step, the Commissioner considers the severity of the

claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds to

step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy

this severity threshold, however, the Commissioner must find that the claimant is

not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to

several impairments recognized by the Commissioner to be so severe as to

preclude a person from engaging in substantial gainful activity. 20 C.F.R. §

416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and

award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity

of the enumerated impairments, the Commissioner must pause to assess the

claimant's "residual functional capacity." Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On June 9, 2016, Plaintiff protectively filed an application for Title XVI supplemental security income benefits, alleging a disability onset date of June 8, 2016. Tr. 170-76. The application was denied initially, Tr. 94-102, and on reconsideration, Tr. 106-12. Plaintiff appeared at a hearing before an administrative law judge ("ALJ") on August 3, 2018. Tr. 37-60. On December 21, 2018, the ALJ denied Plaintiff's claim. Tr. 17-36.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 9, 2016, the application date. Tr. 22. At step two, the ALJ found Plaintiff had the following severe impairments: residual effects of stab wound, degenerative joint disease of the shoulder, migraine headaches, attention deficit hyperactivity disorder (ADHD), depressive disorder, anxiety disorder, borderline intellectual functioning (BIF), and posttraumatic stress disorder (PTSD). *Id.* At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 24. The ALJ

then found that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] can sit up to six hours, and can stand or walk up to six hours, of an eight-hour workday with normal breaks. [Plaintiff] requires a sit/stand option, allowing [Plaintiff] to change positions between sitting and standing approximately every 30 minutes, while remaining at the workstation. [Plaintiff] can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps or stairs. [Plaintiff] can occasionally stoop, kneel, crouch, and crawl. [Plaintiff] must avoid all use of dangerous machinery and unprotected heights. [Plaintiff] is limited to the performance of simple, routine, repetitive tasks that require minimal math, reading, and writing skills, and can handle no more than brief superficial interaction with the public. [Plaintiff] can handle brief and superficial interaction with coworkers (no team or tandem work), and occasional interaction with supervisors.

Tr. 25-26.

At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 30. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as food sorter, house sitter, or small parts assembler. Tr. 30-31. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from June 9, 2016 through December 21, 2018, the date of the ALJ's decision. Tr. 31.

//

//

On November 25, 2019, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence;

2. Whether the ALJ properly weighed Plaintiff's symptom testimony; and

3. Whether the ALJ properly assessed Plaintiff's medically determinable impairments.

ECF No. 12 at 2.

## DISCUSSION

**A. Medical Opinion Evidence**

Plaintiff challenges the ALJ's evaluation of the medical opinions of Joan Harding, M.D.; Andrea Shadrach, Psy. D.; Wendi Wachsmuth, Ph.D.; and R.A. Cline, Psy. D. ECF No. 12 at 10-18.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant

[but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.* In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)). The opinion of a nonexamining physician may serve as substantial

evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

### 1. Dr. Wachsmuth

On June 27, 2016, Dr. Wachsmuth examined Plaintiff, diagnosed Plaintiff with other specified ADHD and unspecified trauma and stressor related disorder, and opined that Plaintiff had mostly moderate impairments but had marked impairments in his ability to understand, remember, and persist in tasks by following detailed instructions and marked impairment in his ability to complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 342-46. The ALJ gave this opinion limited weight. Tr. 27-28. Because Dr. Wachsmuth's opinion was contradicted by Dr. Robinson, Tr. 68-70, and Dr. Eisenhauer, Tr. 82-84, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Wachsmuth's opinion. *Bayliss*, 427 F.3d at 1216.

First, the ALJ found that Dr. Wachsmuth's opinion was not based on a review of any evidence in the record. Tr. 28. The extent to which a medical source is "familiar with the other information in [the claimant's] case record" is relevant in assessing the weight of that source's medical opinion. 20 C.F.R. § 416.927(c)(6). The ALJ reasonably concluded that Dr. Wachsmuth's opinion was entitled to less weight because she did not review evidence in the record. *See* Tr.

342 ("Records reviewed: self-report"). This finding is supported by substantial evidence.

Second, the ALJ found that Dr. Wachsmuth's opinion did not provide a narrative rationale in support of the limitations she opined. Tr. 28. A medical opinion may be rejected by the ALJ if it is conclusory or inadequately supported. *Bray*, 554 F.3d at 1228; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). For this reason, individual medical opinions are preferred over check-box reports. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). However, if treatment notes are consistent with the opinion, a conclusory opinion, such as a check-the-box form, may not automatically be rejected. *See Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 (9th Cir. 2014); *see also Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020); *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017) ("[T]here is no authority that a 'check-the-box' form is any less reliable than any other type of form"). Here, the ALJ explicitly found that Dr. Wachsmuth's opinion was "generally consistent with her own evaluation of the claimant." Tr. 28. The ALJ failed to explain how Dr. Wachsmuth's opinion, which the ALJ found was consistent with Dr. Wachsmuth's own examination findings, was rendered less reliable because it was not explained in a narrative format. *Id.* This was not a specific and legitimate reason to reject Dr. Wachsmuth's opinion.

Third, the ALJ found that Dr. Wachsmuth's opinion was inconsistent with other medical evidence in the record. Tr. 28. Relevant factors when evaluating a medical opinion include the amount of relevant evidence that supports the opinion and the consistency of the medical opinion with the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Here, the ALJ found Dr. Wachsmuth's opinion was inconsistent with evidence in the record of "findings consistent with concentration deficits as well as judgment issues, but this evidence is accompanied by record shows of adequate and normal evidence in these areas as well." Tr. 28. The ALJ did not cite to any evidence in the record to support this finding. *Id.* "[A]lthough we will not fault the agency merely for explaining its decision with 'less than ideal clarity,' … we still demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). To the extent the ALJ's finding intended to reference the medical evidence discussed a few pages earlier in the ALJ's consideration of the Paragraph B criteria, this minimal evidence fails to provide substantial evidence in support of the ALJ's conclusion. Tr. 25 (citing two instances of adequate concentration and one instance of very poor concentration). The ALJ's conclusion here is insufficiently explained to allow for meaningful review, and even when construed liberally, is insufficiently supported.

The ALJ erred in evaluating Dr. Wachsmuth's opinion. Because the majority of the ALJ's findings regarding Dr. Wachsmuth's opinion were in error, the Court cannot now conclude that these errors were "inconsequential to the ultimate nondisability determination" and therefore harmless. *Molina*, 674 F.3d at 1115. Accordingly, this case is remanded for the ALJ to reconsider Dr. Wachsmuth's opinion.

### 2. Dr. Shadrach

On September 17, 2018, Dr. Shadrach examined Plaintiff; diagnosed Plaintiff with ADHD, generalized anxiety disorder with panic attacks, major depressive disorder, stimulant (meth) use disorder in sustained remission, PTSD with panic attacks, borderline intellectual functioning; and opined that Plaintiff was likely to get along with coworkers but would have more difficulty getting along with a boss or supervisor because his poor verbal comprehension made him more likely to lash out at them; that Plaintiff's ability to maintain concentration and persistence in a typical work setting with a 40-hour week would likely be impacted by mental health symptoms; that Plaintiff's ability to work in a competitive setting would be impacted by underlying neuro-cognitive processing deficits; that Plaintiff's impairments limited his ability to learn new skills; that Plaintiff would likely maintain good attention and persistence in jobs with limited conceptual and academic demands; and that Plaintiff's ability to maintain persistence and

concentration in a part-time setting with limited cognitive demands was achievable. Tr. 549-61. The ALJ gave Dr. Shadrach's opinion substantial but partial weight and specifically rejected her opinion that Plaintiff was significantly limited in interacting appropriately with supervisors. Tr. 28-29. Because Dr. Shadrach's opinion was contradicted by Dr. Robinson, Tr. 68-70, and Dr. Eisenhauer, Tr. 82-84, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Shadrach's opinion. *Bayliss*, 427 F.3d at 1216.

The ALJ concluded it was "quite the leap of logic to conclude [Plaintiff] would lash out based on his inability to understand, and there is little evidence to suggest the claimant's mental impairments cause him to interact poorly with supervisors to the degree envisioned." Tr. 29. This finding is overly conclusive. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Garrison*, 759 F.3d at 1012 (internal citations omitted); *see also Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion."). The ALJ noted that "Dr. Shadrach found the claimant to be pleasant and cooperative, with a good attitude," and "[s]imilar evidence exists with regard to other medical personnel, friends, and his significant other." Tr. 29. Aside from Dr. Shadrach's report, this finding fails to cite to any specific evidence, and the ALJ failed to explain how

1  Plaintiff's ability to get along with friends and his significant other supported the

2  ALJ's conclusion that Plaintiff was more capable of interacting with supervisors

3  than Dr. Shadrach opined.  Because this case is remanded for other reasons, the

4  ALJ is instructed to also reconsider Dr. Shadrach's opinion on remand.

5       *3.  Remaining Challenges*

6       Plaintiff raises several other challenges to the ALJ's evaluation of the

7  medical opinion evidence, but because this case is remanded for reconsideration,

8  the Court declines to specifically address those challenges here.  On remand, the

9  ALJ is instructed to reconsider all of the medical opinion evidence and to

10 reformulate the RFC accordingly.

11 **B.  Plaintiff's Symptom Testimony**

12      Plaintiff contends the ALJ failed to rely on clear and convincing reasons to

13 discredit his symptom testimony.  ECF No. 12 at 18-21.

14      An ALJ engages in a two-step analysis to determine whether to discount a

15 claimant's testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL

16 1119029, at *2.  "First, the ALJ must determine whether there is 'objective

17 medical evidence of an underlying impairment which could reasonably be

18 expected to produce the pain or other symptoms alleged.'"  *Molina*, 674 F.3d at

19 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The

20 claimant is not required to show that [the claimant's] impairment 'could reasonably

be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester*, 81 F.3d at 834); *Thomas*, 278 F.3d at 958 (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7-*8; 20 C.F.R. § 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 27.

### 1. Daily Activities

The ALJ found that Plaintiff's symptom allegations were inconsistent with his daily activities. Tr. 27. The ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Molina*, 674 F.3d at 1113. "While a

claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

Here, the ALJ noted that Plaintiff reported his limitations to include back pain when seated for extended periods, knee pain when standing for extended periods, constant daily migraines, and significant limitations in lifting, squatting, bending, standing, walking, sitting, kneeling, remembering, completing tasks, and concentrating. Tr. 26; *see* Tr. 213, 224, 229. However, the ALJ noted that Plaintiff also reported being completely independent in self-care activities and his activities included lifting heavy weights, hiking, and snowboarding. Tr. 27; *see* Tr. 225-28, 353, 365, 509. The ALJ reasonably concluded that these activities were inconsistent with the specific limitations Plaintiff alleged. This finding is supported by substantial evidence.

### 2. *Improvement with Treatment*

The ALJ found that Plaintiff's symptom allegations were inconsistent with evidence of improvement with treatment. Tr. 27. The effectiveness of treatment and other mitigating measures is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. § 416.929(c)(3). Here, the ALJ noted that

Plaintiff's carpal tunnel syndrome and corneal abrasion showed improvement with treatment. Tr. 27. However, at step two of the sequential evaluation analysis, the ALJ determined that these were not severe impairments. Tr. 23. The ALJ failed to explain how improvement in these conditions, which the ALJ previously determined did not have more than a minimal effect on Plaintiff's ability to perform basic work activities, rendered Plaintiff's allegations of other disabling impairments less credible. The ALJ also found that Plaintiff "showed consistent improvement in mental functioning with therapy." Tr. 27. In support of this conclusion, the ALJ cited a single treatment note which states Plaintiff was "overall showing modest improvement in behavioral health/mood/function," and the provider "[r]einforced and reflected that [Plaintiff] is making strides to better his life and has shown consistent improvement." Tr. 500. This sole observation fails to provide substantial evidence to support the ALJ's conclusion. Because this case is remanded for other reasons, the ALJ is instructed to reconsider Plaintiff's symptom testimony on remand.

## C. Medically Determinable Impairments

Plaintiff raises a series of challenges to the ALJ's identification and evaluation of Plaintiff's severe impairments. ECF No. 12 at 3-10. Because this case is remanded for other reasons, the Court declines to address Plaintiff's specific arguments here. On remand, the ALJ is instructed to reconsider the

medical evidence, the medical opinion evidence, and Plaintiff's symptom

testimony and to reformulate the RFC accordingly.

### D. Remand

Plaintiff urges the Court to remand this case for an immediate award of

benefits.  ECF No. 12 at 10.

"The decision whether to remand a case for additional evidence, or simply to

award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d

1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir.

1985)).  When the Court reverses an ALJ's decision for error, the Court "ordinarily

must remand to the agency for further proceedings."  *Leon v. Berryhill*, 880 F.3d

1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir.

2004) ("the proper course, except in rare circumstances, is to remand to the agency

for additional investigation or explanation").  However, in a number of Social

Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of

discretion for a district court not to remand for an award of benefits" when three

conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the

credit-as-true rule, where (1) the record has been fully developed and further

administrative proceedings would serve no useful purpose; (2) the ALJ has failed

to provide legally sufficient reasons for rejecting evidence, whether claimant

testimony or medical opinion; and (3) if the improperly discredited evidence were

credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

"Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotations omitted). Here, further proceedings are necessary because even if the opinions of Dr. Wachsmuth and Dr. Shadrach were fully credited, the ALJ would still need to resolve their conflicts with other credited medical opinion evidence in the record. Therefore, remand for further proceedings is appropriate.

On remand, the ALJ is instructed to reconsider the longitudinal medical evidence, reweigh Plaintiff's symptom allegations, reweigh the medical opinion evidence, and conduct a new sequential evaluation analysis.

//

//

# CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

3. The Court enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **close the file**.

**DATED** August 5, 2020.



THOMAS O. RICE
United States District Judge